**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

ATOMIC HILL
ADC #110189                                                                                    PLAINTIFF

V.                          No. 2:08CV00074 JMM-BD

MARY WILLIS, *et al.*                                                                     DEFENDANTS

<u>RECOMMENDED DISPOSITION</u>

**I.      Procedure for Filing Objections:**

The following recommended disposition has been sent to United States District Court Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date you receive the Recommended Disposition. A copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite A149
    Little Rock, AR 72201-3325

**II.     Background:**

Plaintiff Atomic Hill, an inmate of the East Arkansas Regional Unit of the Arkansas Department of Correction ("ADC"), brings this 42 U.S.C. § 1983 action against multiple employees of the ADC. Plaintiff seeks monetary damages from Defendants in their official and individual capacities, claiming that they have violated his constitutional rights. Specifically, Plaintiff contends that Defendant Mary Willis falsified a disciplinary against him on October 9, 2007, by wrongfully charging him with indecent exposure during gym call. On October 10, 2007, Plaintiff was found guilty of the disciplinary and was sentenced to thirty days punitive isolation. In addition, Plaintiff's class status was reduced to Class IV. Plaintiff claims that four witness statements that he requested prior to the hearing were not taken or introduced at his disciplinary hearing. In addition, Plaintiff alleges that a video surveillance tape of the incident that Plaintiff requested was never obtained or introduced during the hearing.

In his Complaint, Plaintiff also complains that members of the East Arkansas Regional Unit Classification Committee discriminated against him by assigning him to administrative segregation from August 30, 2006, until October 9, 2007, although Plaintiff remained disciplinary-free during that time period. Finally, Plaintiff contends that Defendants have violated a number of prison guidelines and procedures.

Pending is Defendants' motion for summary judgment (docket entry #50). In the motion, Defendants argue that Plaintiff's due process claim fails because Plaintiff has no

liberty interest in classification. Defendants also argue that neither Plaintiff's assignment to punitive isolation nor his placement in administrative segregation constitute an atypical and significant departures from the normal incidents of prison life so as to implicate due process. Further, Defendants contend that: (1) they are entitled to both sovereign and qualified immunity; (2) respondeat superior is not a basis for liability under 42 U.S.C. § 1983; and (3) Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). Defendants attach to their motion: (1) the major disciplinary issued to Plaintiff on October 9, 2007; (2) the administrative regulations regarding disciplinary rules and regulations; (3) affidavits of Tameka Cody, Steve Outlaw, Essie Clay, and Cyndi Vent; (4) Plaintiff's disciplinary hearing action papers; (5) a record of Plaintiff's disciplinary violations; (6) the administrative regulations regarding segregation; and (7) Plaintiff's disciplinary violation report. Plaintiff has responded to Defendants' motion (#58).[1] The Court concludes that the motion (#50) should be GRANTED.[2]

---

[1] In Plaintiff's response, he requests that Defendants provide him with several documents, including Defendant Outlaw's employment history. The Court notes that such document requests are not to be filed with the Court unless specifically requested. FED. R. CIV. P. 5(d).

[2] Because the Plaintiff's constitutional claims fail as a matter of law, the Court will not address the issues of sovereign immunity, qualified immunity, respondeat superior, or exhaustion in this Recommendation.

**III.     Discussion**:

    A.     *Summary Judgment Standard*

Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of material fact. FED. R. CIV. P. 56; *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 246 (1986). Once the moving party has successfully carried its burden under Rule 56(c), the nonmoving party has an affirmative burden to go beyond the pleadings and by depositions, affidavits, or otherwise, designate "specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e); *Mosley v. City of Northwoods*, 415 F.3d 908, 910-11 (8th Cir. 2005) ("The nonmoving party may not 'rest on mere allegations or denials, but must demonstrate on the record the existence of specific facts which create a genuine issue for trial.'" (quoting *Krenik v. County of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995))). If the opposing party fails to carry that burden or fails to establish the existence of an essential element of its case on which that party will bear the burden of proof at trial, summary judgment should be granted. See *Celotex,* 477 U.S. at 322. "Although it is to be construed liberally, a *pro se* complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

B.     Due Process Violations

To prevail on a due process claim, Plaintiff must demonstrate that he was deprived of life, liberty or property by government action. *Phillips v. Norris*, 320 F.3d 844, 846 (8th Cir. 2003). Based on Plaintiff's allegations, the only cognizable deprivation is a potential liberty interest. Although much of Plaintiff's attention is focused on alleged violations of prison policy, unfortunately for Plaintiff, there is no federal constitutional liberty interest in having state officers follow state law or procedure. *Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996) (citing *Olim v. Wakinekona*, 461 U.S. 238, 250, 103 S.Ct. 1741, 1748 (1983)).[3]

1.     Classification

Liberty interests arising from state law are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," or to actions which "inevitably affect the duration of [a prisoner's] sentence." *Sandin v. Conner*, 515 U.S. 472, 484, 487 (1995). Plaintiff has no liberty interest in classification. See *Sanders v. Norris*, 153 Fed. Appx. 403 (8th Cir. 2005) (unpublished per curiam) (holding that inmate does not have a constitutional right

---

[3] For example, Plaintiff complains that: the disciplinary hearing procedures are inadequate; the grievance procedure is inadequate; Defendant Clay was not rotated every three years as required by ADC policy; and that Plaintiff was not afforded an opportunity to sign his major disciplinary in October 2007.

to a particular classification); *Hartsfield v. Dep't of Corr.*, 107 Fed. Appx. 695, 696 (8th Cir. 2003) (unpublished per curiam) (no liberty interests in particular classification); *Carney v. Houston*, 33 F.3d 893, 894 (8th Cir. 1994) (stating that "[t]he Due Process Clause does not itself create a liberty interest in a particular prison classification"); *Madewell v. Roberts*, 909 F.2d 1203, 1207 (8th Cir. 1990) (ADC inmate has no right to consideration of Class I status); and *Strickland v. Dyer*, 628 F.Supp.180, 181 (E.D. Ark. 1986) (because Arkansas law does not protect a prisoner's right to any particular classification and there is no federally protected right regarding classification, ADC prisoner could not prevail on claim that he was deprived of due process due to disciplinary penalty of two-step class reduction). Without the underlying liberty interest, Plaintiff cannot maintain an action for violation of his due process rights.[4]

2.   Punitive Isolation

Similarly, Plaintiff's claim regarding his thirty day assignment to punitive isolation fails. Plaintiff must have suffered a restraint of liberty when he was assigned to punitive isolation in order to state a claim. He bears the burden of proving that the restraint

---

[4] The court notes that the Supreme Court articulated the due process requirements for disciplinary proceedings that result in a loss of good-time credits in *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963 (1974). In *Wolff*, the Court held that due process for inmates requires: twenty-four hours' written notice to the prisoner of the charges against him; the right to appear in person before the hearing body; the right to call witnesses and present documentary evidence; and a written statement of the reasons for the disciplinary action taken. Here, Plaintiff did not receive a loss of good-time credits as a result of the disciplinary at issue (#51-11 at p.5). Accordingly, the requirements set forth in *Wolff* are inapplicable to this case.

imposed is an "atypical and significant hardship in relation to the ordinary incidents of prison life." *Sandin, supra*. In this case, Plaintiff cannot make this required showing.

The Eighth Circuit has consistently held that administrative and disciplinary segregation, even without cause, are generally not atypical and significant hardships. See *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) (thirty-six day stay in isolation after charges were dropped was not an atypical and significant hardship); *Portley-El v. Brill*, 288 F.3d 1063 (8th Cir. 2002); *Kennedy v. Blankenship*, 100 F.3d 640, 642 (8th Cir. 1996). In *Kennedy*, the Court specifically stated "transfer from administrative segregation to punitive isolation [is] not a 'dramatic departure from the basic conditions' of [an inmate's] confinement and thus does not constitute 'the type of atypical significant deprivation in which a state might conceivably create a liberty interest.'" See *id.* at 643 (quoting *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 2301 (1995)). Without the underlying liberty interest, Plaintiff cannot maintain an action for violation of his due process rights.[5]

3.   Administrative Segregation

On June 18, 2008, Plaintiff filed an Amended Complaint in this matter alleging that the East Arkansas Regional Unit Classification Committee discriminated against him

---

[5] Although Plaintiff also claims that his disciplinary conviction for indecent exposure could result in formal criminal charges, Plaintiff does not allege that any formal charges have been filed against him for the conduct at issue or that he has been convicted of this charge in state court. Accordingly, this allegation lacks constitutional significance.

7

by assigning him to administrative segregation on August 30, 2006, and continually holding him there as punishment although he did not receive a disciplinary until October 9, 2007. Plaintiff alleges that he was not initially provided a house-screening hearing as required by ADC policy and that he was discriminated against at each sixty- day review hearing. Plaintiff also states that at some point between March 2007, and May 2007, he was held in "isolation 2 and held on D.C.R." for fourteen days without being charged with a disciplinary (#46). Further, Plaintiff contends that a psychological assessment was not completed while he was assigned to administrative segregation in violation of ADC regulations.[6]

As an initial matter, the Court again notes that there is no federal Constitutional liberty interest in having state officers follow state law or procedure. *Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996). Accordingly, Plaintiff's claims

---

[6] Plaintiff also alleges that his Nike tennis shoes were taken from him during his sixty-day review hearing held in March 2007, and that he was forced to walk back to his cell without shoes. The Court finds this claim insufficient as a matter of law. First, the failure of the Defendants to return Plaintiff's property does not violate Plaintiff's constitutional rights. See *Hudson v. Palmer*, 468 U.S. 517, 529-30, 104 S.Ct. 3194 (1984) (holding that deprivation of personal property by a state actor does not create § 1983 liability if state law provides an adequate post-deprivation remedy). See also ARK. CODE ANN. § 19-10-204(a) (vesting the Arkansas State Claims Commission with "exclusive jurisdiction over all claims against the State of Arkansas and its several agencies, departments and institutions"). Second, Plaintiff has not alleged any physical injury to support an Eighth Amendment claim. See 42 U.S.C. § 1997e, "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."

regarding the Classification Committee's failure to follow ADC policy fail as a matter of law. In addition, in his Amended Complaint and his Response to Defendants' motion for summary judgment, Plaintiff does not allege facts sufficient to establish a protected liberty interest.

Plaintiff complains that he has remained permanently segregated from the general inmate population and that there are no rehabilitation programs available in administrative segregation. Unless Plaintiff can show that the conditions of confinement present the type of atypical, significant deprivation in which a state might conceivably have created a liberty interest, he has no liberty interest in avoiding administrative segregation. See *Wycoff v. Nichols*, 94 F.3d 1187, 1190 (8th Cir. 1996). Plaintiff does not allege that he was totally deprived of any privilege available in general population with the exception of participation in rehabilitation programs (#58);[7] he has no federal constitutional liberty interest in maintaining eligibility for such programs. *Stewart v. Davies*, 954 F.2d 515, 516 (8th Cir. 1992). See also *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976). Under the applicable Arkansas statutes, the Board of Corrections is granted broad discretion in classifying ADC inmates according to "good behavior, good discipline, medical

---

[7] In his Response to the motion for summary judgment, Plaintiff alleges that at one time, he was housed in a cell that did not have a properly functioning sprinkler system for eight to nine days. However, the Court finds this fact insufficient to preclude judgment as a matter of law in favor of the Defendants. See *Hall v. Phillips*, 2005 WL 3783651 (W.D. Ark. 2005) (holding that lack of sprinkler system did not preclude grant of summary judgment in prison officials' favor on Eighth Amendment claim where there was no fire when inmate was detained at the facility and inmate was never physically harmed).

condition, job responsibilities, and involvement in rehabilitative activities." ARK. CODE ANN. § 12-29-202(a)(3) (2003 & 2005 Supp.).  Inmates may be reclassified "as often as the [classification] committee deems necessary . . . to maintain good discipline, order, and efficiency at the units, facilities, or centers."  *Id.* § 12-29-202(c).  Here, the Classification Committee voted to assign Plaintiff to administrative segregation based on his institutional and disciplinary history which included battery, assault, indecent exposure, and self-mutilation (#51-5 and #51-8).  Further, the attachments to Defendants' motion for summary judgment show that Plaintiff is able to receive every basic service and most privileges offered to the general population while housed in administrative segregation.[8] Although Plaintiff claims that he has been discriminated against by remaining in administrative segregation for over a year, he cannot show that such assignment is a dramatic departure from housing in the general population.  See *Hemphill v. Delo*, 124 F.3d 208 (unpub. per curiam) (8th Cir. 1997) (four days of lock down, thirty days in disciplinary segregation and 290 days in administrative segregation was not "atypical and significant hardship" when compared to the burdens of ordinary prison life) and *Driscoll v. Youngman*, 124 F.3d 207 (unpub. per curiam) (8th Cir. 1997) (135 days in disciplinary and administrative segregation, without meaningful exercise, natural light and adequate

---

[8] According to Defendant Outlaw, inmates housed in administrative segregation receive meals, mail and institutional paperwork in their cells (#51-8).  In addition, these inmates are: escorted to barber services; provided with laundry services on a weekly basis; provided with medical and dental services; and permitted visitation (#51-8).  These inmates also may be eligible for television, radio, and recreational privileges (#51-8).

10

library access, not "atypical and significant hardship"). Similarly, Plaintiff cannot show that his fourteen-day assignment to isolation is a dramatic departure from ordinary incidents of prison life. See *Phillips v. Norris*, *supra*. Accordingly, Plaintiff's claims fail as a matter of law.[9]

C.   *False Disciplinary*

Finally, the Court notes that the filing of a false disciplinary charge is not itself actionable under § 1983. See *Dixon v. Brown*, 38 F.3d 379 (8th Cir. 1994). To sustain a § 1983 claim based on the filing of a false disciplinary charge, a prisoner must show favorable termination of the disciplinary action prior to bringing suit. See *Barker v. Scheere*, 1998 WL 101924 (N.D.Tex.1998) and *Williams v. Parks*, 2008 WL 341339 (E.D. Ark. 2008). In this case, according to the exhibits presented by Defendants,

---

[9] To the extent that Plaintiff claims that Defendants have violated the Equal Protection Clause of the United States Constitution, this claim fails. An inmate bringing an equal protection claim must show intentional or purposeful discrimination. *Klinger v. Dept. of Corr.*, 31 F.3d 727, 733 (8th Cir. 1994). "The heart of an equal protection claim is that similarly situated classes of inmates are treated differently, and that this difference in treatment bears no rational relation to any legitimate penal interest." *Weiler v. Purkett*, 137 F.3d 1047, 1051 (8th Cir. 1998) (citing *Timm v. Gunter*, 917 F.3d 1093, 1103 (8th Cir. 1990)). An equal protection analysis begins with whether the inmate has shown that he has been treated differently from others who are similarly situated. *Rouse v. Benson*, 193 F.3d 936, 942 (8th Cir. 1999). Here, in his Response to the motion for summary judgment, Plaintiff states he can provide the Court with names of several other inmates who have been released from punitive isolation and administrative segregation in spite of being "a constant disciplinary" while housed at the ADC (#58). Plaintiff does not include any equal protection claim in his Complaint or Amended Complaint. Accordingly, this issue was not addressed in Defendants' motion for summary judgment. Further, Plaintiff failed to present any evidence on this issue in his response to the Defendants' motion. Accordingly, this claim fails.

Plaintiff's disciplinary conviction was upheld on appeal by the Unit Warden, and the Disciplinary Hearing Administrator (#51-10 at p.5-6).

## IV.    Conclusion:

The Court recommends that Defendants' motion for summary judgment (#50) be GRANTED and that Plaintiff's claims be DISMISSED WITH PREJUDICE.[10]

DATED this 18th day of August, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

---

[10] The Court notes that Plaintiff currently has until September 25, 2008, to identify the Doe Defendants (#8). However, based upon the allegations contained in Plaintiff's Complaint and Amended Complaint as well as the applicable law discussed in this Recommendation, such an exercise would be futile. Accordingly, Plaintiff's claims should be dismissed against the Doe Defendants as well.